{¶ 31} I concur. With respect to Appellant's second assignment of error, I agree that the record is unclear as to whether the trial court actually granted Appellant's motion in limine. However, the trial court may not have ruled on the motion in limine because the parties entered into a stipulation that evidence concerning seat belt use would not be permitted. Unfortunately, such a stipulation is not in the record although it is apparent from the trial court's dissatisfaction with the conduct of Appellee's counsel that there was extensive discussion prior to commencing the trial that resulted in an agreement that Appellee's counsel would not engage in questioning concerning seat belt use. I am deeply troubled that, due to the improper conduct on the part of Appellee's counsel, it is possible that the Appellee may have profited at the expense of the Appellant. However, on balance, I agree that the trial court had broad discretion as to whether to grant or deny the motion for a new trial. Given the record in this case, I cannot say that the trial court committed reversible error. *Page 1